## MUTUAL BUILDING & INVESTMENT CO v FREDRICK

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided June 20, 1932

Mooney, Hahn, Loeser, Keough and Beam, Cleveland, for plaintiff in error.

Howard H. Webster, Cleveland, for defendant in error.

MAUCK, PJ, and MIDDLETON, J (4th Dist), and FARR, J (7th Dist), sitting.

BY THE COURT

The plaintiff filed in the Court of Common Pleas what she called "an amended petition for money, appointment of a receiver and equitable relief" against the Mutual Building and Investment Company, in which among other relief she sought judgment for the amount of her credits in the company, upon which issue was joined. Trial was had to the court and a personal judgment entered in the sum of $18,929.24. No other relief was awarded. Error has been prosecuted to this court for the reversal of that judgment.

It is not altogether clear whether the amended petition attempted to make an action at law or one in equity. The defendant is a building and loan corporation. The plaintiff pleaded that she was a depositor in that company and that as such depositor was entitled to recover on two different accounts for money deposited to her credit. Building and loan associations, of course, have statutory power to receive deposits. From the evidence it is clear, however, that the defendant company had never provided in its regulations for its receipt of them, and in fact never received any except from other building and loan associations. The pass books issued to the plaintiff and certain cards signed by her make it clear enough that she was a member of the corporation and not a depositor, and that the payments made by her to the defendant were payments on running stock. Recovery, therefore, can not be sustained on the theory that the plaintiff was originally a depositor and therefore a creditor of the defendant com-

pany. The evidence showed that she was on July 28, 1930, a stockholder and at that time filed a notice of withdrawal. At that time §17 of the bylaws of the company relating to withdrawals read as follows:

"Sec. 17. Members may withdraw from the Company at any time by giving two months' notice in writing to the Secretary; and the privilege of paying further dues and the right of dividends shall cease upon such notice being given. The withdrawing members shall be entitled to receive all payments made on the stock withdrawn, and all dividends declared thereon up to the last preceding dividend date, less his pro rata share of all losses; provided, however, that should the applications for withdrawals exceed the monthly receipts of the Company from payments made to it on the principal of its outstanding mortgages, such applications shall be filed in the order in which they are received, and paid in the order in which they are filed, as fast as the receipts of the company from payments on the principal of said mortgages will, in the judgment of the Board of Directors, permit. Members may also withdraw any part of the payments on their stock on the same terms."

If we were to sustain this provision in its entirety as construed and applied by the directors of the defendant company we would have to hold that its effect was to convert the plaintiff from a stockholder to a creditor and thus enable her to sue as a creditor. This by-law attempts to provide that when a stockholder files a notice of withdrawal he loses his right to participate in dividends. The law provides, however, for the distribution of the earnings in the form of dividends, not to some but to all the members of the company. §9673 **GC.** So the plaintiff could not be deprived of her right to participate in earnings unless she somehow ceased to become a member and became a creditor of the company. A mere attempt to withdraw does not change one's status as a member. He is entitled to all dividends declared until the withdrawal is accomplished. §9651 **GC.**

If, therefore, the provision in the quoted regulation to the effect that one applying for withdrawal thereby loses his right to share in subsequent earnings is valid it is because the regulation accomplishes a conversion of the shareholder into a creditor.

It is our opinion, however, that a building and loan company can not by any regulation of its board of directors convert a stockholder into a creditor. Stockholders expect to and do receive larger returns upon their investment than depositors and loaning creditors do. They have the privilege of voting and thus control the corporation. They are, however, in their claims against the corporation junior to depositors and other creditors. They are subject to the double liability on their stock subscriptions in case deposits are accepted. It would be calamitous if in such times as these a board of directors could by its action give to its members the privilege that depositors and other creditors enjoy when trouble comes. It is our judgment, therefore, that nothing that the board of directors did or could do affected the relations that existed between the corporation and its stockholders.

The plaintiff in this case as one stockholder can not be suffered to have a judgment that will enable her to be preferred over not only other stockholders of the corporation but over the creditors of the *corporation and over the sixty four other shareholders who gave notice of their intentions to withdraw prior to the notice filed by the plaintiff.* The plaintiff did not bring herself within the rules of her own company and therefore made no case entitling her to a judgment at law. The judgment must be reversed.

If there were no other possibilities in the case we should in addition to reversing the judgment enter a judgment for the plaintiff in error. The plaintiff has, however, shown equities in the case. She has shown that as a stockholder she has not been credited with any dividends since she filed her application for withdrawal. She has further shown that the officers of the defendant company have in violation of §17 paid out thousands and thousands of dollars to other stockholders in part payment of their stock credits, although such stockholders had on file no application prior to the plaintiff's application, in violation of the rule that "such applications shall be filed in the order in which they are received and paid in the order in which they are filed." The plaintiff has in our judgment a clear right to amend, requiring the defendant company to credit her with her share of the earnings of the company until her withdrawal has been accomplished and enjoining the company from paying any stockholder either principal or dividend until withdrawals on file have been paid in their order.

Judgment reversed and cause remanded for further proceedings.

MAUCK, PJ, and MIDDLETON and FARR, JJ, concur.